IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAYTON SCHULZE,                )
                                )
        Plaintiff,               )    Civil Action No. 12-153 Erie
                                )
    v.                           )
                                )
CHARLES HARRINGTON and           )
MYRTLE HARRINGTON,               )
                                )
        Defendants.              )

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District Judge.

Plaintiff, Clayton Schulze, proceeding *pro se*, filed this action on July 5, 2012 against Charles Harrington and Myrtle Harrington, Defendants. Presently pending before the Court is the "Plaintiffs' Motions (*sic*) for Relief from Judgment, Fraud on the Court and Extrinsic Fraud [Fed.R.Civ.P. 60(b)]" [ECF No. 4], and Defendants' Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e)(2). [ECF No. 10].

## I. Background

According to the allegations in the Complaint, and the "Plaintiffs' Motions (*sic*) for Relief from Judgment, Fraud on the Court and Extrinsic Fraud [Fed.R.Civ.P. 60(b)]" [ECF No. 4],[1] this lawsuit centers around a boundary line dispute over real property located in Springfield Township, Erie County, Pennsylvania. [ECF No. 4] ¶ 6. Also at issue is the Defendants use of a residential free gas well located on the property. *Id*. at ¶ 18. It is undisputed that Plaintiff previously filed a lawsuit against the Defendants in the Court of Common Pleas of Erie County, Pennsylvania with respect to both of these claims. *See Clayton Schulze v. Charles Harrington and Myrtle Harrington*, Civil Action No. 12738-2002, in the Court of Common Pleas of Erie County, Pennsylvania. [ECF No. 10-4]. On September 7, 2010, Erie County Court of Common

---

[1] Plaintiff filed this Motion on July 11, 2012. [ECF No. 4]. We have considered the statements in this document as an amplification of the allegations set forth in his Complaint.

1

Pleas Judge John Garhart entered an Order granting the Defendants' Motion for Summary Judgment. [ECF No. 10-4] and [ECF No. 11] ¶ 4. Plaintiff's appeal to the Superior Court of Pennsylvania was quashed on December 22, 2012. [ECF No. 10-5] and [ECF No. 11] ¶ 5.

According to the Plaintiff, Judge Garhart's entry of the summary judgment against him in the state court action "is the basis for [his] Federal Court filing." [ECF No. 11] ¶ 4. In his federal Complaint, Plaintiff alleges the following:

> 5. Plaintiff was denied a trial by jury as stated in the US and Pennsylvania constitution thereby violating his oath of office.
>
> 6. The Court has committed judgmentally fraud and extrinsic fraud, corruption and title fraud scam.
> …
>
> 8. Plaintiff seeks a trial by jury because of the complications involving the squatting of land and the stealing of gas from a gas well. …

[ECF No. 3] ¶¶ 5-6, 8. In his Response to the Defendants' Motion to Dismiss, Plaintiff further elaborates on the basis for his federal action:

> 10. Plaintiff filed this complaint because Plaintiff believes that the State Court(s) erred in not granting a Jury Trial because the Court simply ignored the factual testimony that:
>
> 11.
>   (a) Defendant had been stealing Plaintiffs gas for twenty (20) years before they were caught, A Material Fact of Dispute and Cognizable Legal Claim.
>
>   (b) Defendants Deed and Tax information claim they own 4 Acres of property not 8 Acres. Defendant(s) are squatting on 4 acres owned by Plaintiff. A Material Fact of Dispute and Cognizable Legal Claim.
>
> 12. Lying about a crime to cover a crime is Fraud and Fraud has no time limit.
>
> 13. For these reasons, Plaintiff's complaint has merit.

2

> 14. The only Malicious action continues to be taken by the Defendant(s) by stealing gas for twenty (20) years and continually squatting property they are trying to steal from the Plaintiff. Plaintiff's claim is for $76,000 plus legal fees.
>
> …
>
> 16. [R]es judicata should not be an issue in this matter. The State Court handled this matter incredibly sloppy inclusive of not reviewing thoroughly the testimony given, for if it had it would see plainly that not only do these issues have merit, but they certainly deserve to be heard by a Jury. It seems that the State Court basically washed its hands of the matter once this Pro se Plaintiff asked for his constitutional right of a jury trial. …

[ECF No. 11] ¶¶ 10-14, 16. As relief, Plaintiff requests that this Court order a jury trial. [ECF No. 3] ¶ 8. In his Motion for Relief from Judgment, he seeks an order adjudicating him as the record owner of the disputed property, and an order relieving him from any and all judgments and orders entered in the state court action. [ECF No. 4] p. 10. Defendants have moved to dismiss the Plaintiff's claims against them [ECF No. 10] and Plaintiff has filed a Response. [ECF No. 11]. This matter is now ripe for determination.

## II. Standard of Review

Defendants have moved for dismissal of the Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2). Section § 1915(e)(2)(B) requires a federal district court to dismiss any case if the court determines that the action is, among other things, frivolous or malicious.[2] A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Pursuant to § 1915(e)(2)(B)(i), a court may

---

[2] Section 1915(e) states, in pertinent part:
>   **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>   * * *
>   **(B)** the action nor appeal—
>     **(i)** is frivolous or malicious;
>     **(ii)** fails to state a claim on which relief may be granted; or
>     **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

Because Plaintiff is proceeding *pro se*, his complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Brown v. City of Long Branch*, 380 Fed. Appx. 235, 238 (3d Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. Discussion

Liberally construing the documents filed by the Plaintiff collectively, this Court concludes that subject-matter jurisdiction is lacking pursuant to the *Rooker-Feldman* doctrine.[3] This doctrine provides that federal district courts lack subject-matter jurisdiction to review a state court's final decision in certain instances. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159,165 (3d Cir. 2010), *cert. denied*, 131 S.Ct. 1798 (2011). The doctrine is not limited to decisions by a state's highest court, but also encompasses orders issued by lower state courts. *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't*, 973 F.2d 169, 177-78 (3d Cir. 1992). It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In essence, a federal district court lacks subject matter jurisdiction over an action in the nature of an appeal seeking to reverse a state court decision. *Id*. The doctrine bars

---

[3] The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed. 206 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) ("[I]t is incumbent upon federal courts to ensure that subject-matter jurisdiction exists if such is in question."); *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (upholding *sua sponte* determination of bankruptcy court that it lacked subject matter jurisdiction under *Rooker-Feldman*); *Untracht v. Weimann*, 141 Fed. Appx. 46, 48 (3d Cir. 2005) (affirming district court's *sua sponte* dismissal of the plaintiff's complaint as barred by the *Rooker-Feldman* doctrine); *Briksza v. Moloney*, 2009 WL 1767594 at *3 (D.N.J. 2009) (dismissing plaintiff's claims pursuant to the *Rooker-Feldman* doctrine *sua sponte* even though defendants had not moved for dismissal on that basis); *see also* Fed.R.Civ.P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

a federal claim when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western*, 615 F.3d at 166 (citing *Exxon Mobil*, 544 U.S. at 284).

Here, it is undisputed that Plaintiff lost in state court when summary judgment was entered against him, and that this judgment was entered before he filed the instant suit. Plaintiff acknowledges that the source of his injury is Judge Garhart's decision to grant summary judgment in favor of Defendants, noting that this adverse ruling is, in fact, the basis for his federal Complaint because he believes Judge Garhart ignored "factual testimony" and erred in not "granting a [j]ury [t]rial." [ECF No. 11] ¶¶ 4, 10. In support, Plaintiff sets forth a myriad of "existing material issues of fact surrounding [the] boundary dispute" that allegedly rendered the granting of summary judgment "inappropriate." [ECF No. 4] ¶ 5. Finally, Plaintiff requests that this Court grant him a jury trial on the issues decided adversely to him, and/or adjudicate him the record owner of the property and relieve him from the state court judgment. Granting Plaintiff the requested relief however, would require this Court to conduct a *de novo* review of the state court proceedings and make a determination that Judge Garhart's adjudication was incorrect. Such a result is prohibited by *Rooker-Feldman*. *See Great Western*, 615 F.3d at 169 (prohibited appellate review "consists of a review of the proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with law.") (citations and internal quotations omitted).

Because the *Rooker-Feldman* doctrine bars Plaintiff's claims, his Complaint will be dismissed as legally frivolous. *See Slewion v. Venema*, 418 Fed. Appx. 127, 128 (3d Cir. 2011) (dismissing complaint as legally frivolous since it was barred by *Rooker-Feldman* doctrine); *Turner v. Children's Hosp. of Pittsburgh*, 378 Fed. Appx. 124, 126 (3d Cir. 2010) (same). In light of our finding, it follows that his Motion for Relief from Judgment will be denied. Generally, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 237 (3d Cir. 2008). Here, because further amendment would be futile in light of the *Rooker-Feldman* bar, Plaintiff's

claims will be dismissed with prejudice. *See Ajjahnon v. New Jersey*, 238 Fed. Appx. 769, 771 (3d Cir. 2007) (affirming dismissal with prejudice of action barred by *Rooker-Feldman* doctrine since further amendment would have been futile); *McGeachy v. Doe*, 2011 WL 2455876 at *5 (W.D.Pa.) ("Dismissal on the basis of *Rooker-Feldman* is recognized as a situation where amendment of the Plaintiff's complaint would be futile."), *report and recommendation adopted*, 2011 WL 2447099 (W.D.Pa.), *aff'd*, 444 Fed. Appx. 510 (3d Cir. 2011).

### IV. Conclusion

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAYTON SCHULZE, )
)
        Plaintiff, ) Civil Action No. 12-153 Erie
)
v. )
)
CHARLES HARRINGTON and )
MYRTLE HARRINGTON, )
)
        Defendants. )

## ORDER

AND NOW, this 14th day of January, 2013;

IT IS HEREBY ORDERED that the "Plaintiffs' Motions (*sic*) for Relief from Judgment, Fraud on the Court and Extrinsic Fraud [Fed.R.Civ.P. 60(b)]" [ECF No. 4] is DENIED.

IT IS FURTHER ORDERED that the Defendants' Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e)(2) [ECF No. 10] is GRANTED and Plaintiff's claims against Defendants are hereby DISMISSED with prejudice.

The clerk is directed to mark the case closed.

                                              s/ Sean J. McLaughlin
                                                United States District Judge

cm:    All parties of record